## SHAW v. COOKE.

(Supreme Court, Appellate Division, Third Department. January 8, 1906.)

CHATTEL MORTGAGES—PERFORMANCE OF PARTICULAR CONDITIONS.

Plaintiff gave a chattel mortgage to defendant's assignors, conditioned that the mortgagor should deliver to the mortgagees a first mortgage on certain land and a second mortgage on other land. Thereafter plaintiff assigned to the mortgagees a bond and mortgage on the lands, but the same was not a lien upon part of the land because of a sale under foreclosure of a prior mortgage. At the time of the delivery of the real estate mortgage, the chattel mortgage was not surrendered, but on the same day both mortgages were assigned to defendant. When defendant subsequently discovered that the real estate mortgage was in part ineffective, he spoke to plaintiff thereof, and plaintiff recognized the chattel mortgage as an existing liability, and agreed to pay the balance thereof over and above the proceeds of the foreclosure of the real estate mortgage. *Held*, that the real estate mortgage was not in fact substituted by the parties for the chattel mortgage, and that defendant was entitled to foreclose the same.

[Ed. Note.—For cases in point, see vol. 9, Cent. Dig. Chattel Mortgages, § 503.]

Appeal from Special Term, Chenango County.

Action by Fred E. Shaw against Frank B. Cooke for the alleged wrongful sale of property under a chattel mortgage. From a judgment for plaintiff, defendant appeals. Reversed.

On November 11, 1902, plaintiff, being about to engage in the livery business, purchased of B. V. & T. A. Jewell, of Mt. Upton, Chenango county, New York, certain horses, wagons, harness, robes, blankets and a fur coat. In consideration thereof plaintiff gave to the said Jewells his promissory note for $800, and also a chattel mortgage upon said property, which contained the following clause: "And this mortgage is on the express condition that if the said Fred E. Shaw shall pay to the said B. V. & T. A. Jewell the sum of $800.00 with interest thereon as follows, viz.: Shall deliver to the said B. V. & T. A. Jewell a first mortgage on 14 acres of land and creamery, known as

the Culver property, and a mortgage on a farm of 200 acres known by the same name, and there is to be not to exceed $1500.00 incumbrance on the said 200 acres except the mortgage to be delivered to said Jewells. Said mortgage is for the sum of $800 and accrued interest, which the said Fred E. Shaw hereby agrees to pay, then this transfer to be void and of no effect." Thereafter, on November 28th, plaintiff assigned to the said Jewells a certain bond and mortgage, made by Charles A. Culver and wife to Olney A. Gifford, upon real estate as set forth in the clause of the chattel mortgage specified. in which there was covenanted to be due and owing the sum of $800. The mortgage was not a lien upon the 200 acres therein described, because the lien thereof had been divested under a foreclosure sale of a prior mortgage, and there was no creamery standing upon the 14-acre piece at the time of the sale. It is not claimed, however, that these facts were known to Shaw, this plaintiff, or that there was any fraud upon his part. There was in the assignment of the mortgage no agreement on Shaw's part to pay the same. On the same day said Jewells, by written instruments, assigned the said real property mortgage and the said chattel mortgage and transferred the $800 note to this defendant in consideration of $700. Thereafter this defendant foreclosed the real estate mortgage, upon which foreclosure he received, exclusive of costs, a little over $200. He then seized and sold the property covered by the chattel mortgage.

Plaintiff has brought this action asking for relief, that the defendant account to the plaintiff for the full and true value of the chattel mortgaged property so taken and sold by him, and that the said chattel mortgage be decreed to have been fully paid before said sale, "and that, if there was any sum or part thereof unpaid at the time of said sale, the value of said property so to be ascertained or so much thereof as may be necessary to be applied in payment and extinguishment of said debt secured by said mortgage so given to B. V. & T. A. Jewell, if any there be, that the amount remaining due on said mortgage be ascertained, if any; that it be adjudged that this plaintiff may redeem on payment of such amount, that the plaintiff herein have judgment against said defendant for the balance, together with such other and further relief in the premises as may be just and equitable with the costs of this action." In the answer, after certain admissions and denials, the giving of the note and the chattel mortgage and the real estate mortgage by the plaintiff are alleged and their transfer to the defendant for the sum of $700, the foreclosure of the Culver mortgage, the sale under the chattel mortgage for the sum of $387.51, and that there remained, after said sale under the chattel mortgage, due upon the plaintiff's obligation the sum of $424.62. That upon the foreclosure of the real estate mortgage there was received the sum of $221.09, which leaves due upon the plaintiff's obligations the sum of $214.22. Judgment is demanded for such sum as a counterclaim. The action was moved for trial at a special term before a single justice. The trial judge found that the personal property was transferred by said Jewells to the plaintiff in consideration of the mortgage upon the Culver farm aforesaid, and that the note and chattel mortgage were as security for the transfer of said mortgage; that, while the said mortgage did not answer the exact description in the chattel mortgage, nevertheless, it, having been tendered and received, constituted full payment and satisfaction thereof; and that the plaintiff was entitled to recover from the defendant the value of the chattels taken under the chattel mortgage as having been wrongfully taken. For that value, to wit, the sum of $425, judgment was ordered, with costs, against the defendant. From the judgment entered upon this decision, the defendant has appealed.

Argued before PARKER, P. J., and SMITH, CHASE, CHESTER, and KELLOGG, JJ.

Wood D. Van Derwerken (A. R. Gibbs, of counsel), for appellant.
Irving J. Tillman (Hubert C. Stratton, of counsel), for respondent.

PER CURIAM. When the Culver mortgage was delivered to Jewell the chattel mortgage was not surrendered. The fact that the Culver mortgage was an actual lien upon less land than was under-

stood, and was therefore of less value, did not come to the knowledge of the defendant, as the assignee of Jewell, until about the time of the foreclosure. Upon his representation of that fact to the plaintiff, the plaintiff recognized the chattel mortgage as an existing liability, and agreed to pay the balance thereof, over and above the proceeds of the Culver mortgage, and requested the foreclosure of the Culver mortgage. Under such circumstances it is wholly unnecessary to return the Culver mortgage. Upon the evidence we are of opinion that the Culver mortgage was not in fact substituted by the parties for the chattel mortgage, and therefore that the chattel mortgage was still a lien upon the property purchased by the plaintiff.

The judgment should therefore be reversed upon the law and facts, and a new trial granted, with costs to appellant to abide event.